IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENNADY KRECHNER, on his behalf, and on behalf all others similarly situated, Plaintiff, | : : : : : | CIVIL ACTION |
| v. | : : | |
| NATIONSTAR MORTGAGE LLC, et al., Defendants. | : : : : | No. 15-5054 |

**MEMORANDUM**

**Schiller, J.**                                                                             December 17, 2015

      Gennady Krechner brings this class action against Nationstar Mortgage, LLC ("Nationstar"), and Shapiro & Denardo, LLC, alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") in connection with correspondence Defendants sent to Krechner regarding his mortgage, which was serviced by Nationstar. Nationstar argues that the December 19, 2014 letter that it sent to Krechner, which serves as the basis for the claim against it, does not fall within the reach of the FDCPA. The Court agrees, and therefore grants Nationstar's motion to dismiss.

**I.    FACTUAL BACKGROUND**

      In July of 2005, Krechner re-financed his home mortgage with America's Wholesale Lender. (Am. Class Action Compl. ¶ 20.) The mortgage was assigned for servicing to Bank of America. (*Id*. ¶ 21.) By June of 2013, the mortgage was in default. (*Id*. ¶ 22.) Bank of America transferred the servicing of Krechner's mortgage to Nationstar, effective September 1, 2013. (*Id*. ¶ 24.) In November of 2014, Shay Collins of Nationstar's "Foreclosure Prevention Team" sent a letter to Krechner reminding him that his mortgage remained in default. (*Id*. ¶¶ 25-26.) This letter included

a notice that "Servicemembers on active duty, or a spouse or dependant of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act . . . including prohibiting foreclosure without a court order." (*Id.* ¶ 27.) Krechner tried to modify his mortgage through "workout options" that had been offered by Nationstar in the November 2014 letter to Krechner. (*Id.* ¶ 28.) In December of 2014, however, Shapiro & DeNardo—a law firm retained by Nationstar to initiate foreclosure proceedings—sent Krechner a letter. (*Id.* ¶ 29.) The letter noted that it was from a debt collector, but it failed to include a "Validation of Rights Notice," as required by the FDCPA. (*Id.* ¶¶ 30-31.) On December 4, 2014, Nationstar sent Krechner a notice—purportedly sent by Shay Collins—that the mortgage remained in default and that the lender intended to foreclose. (*Id.* ¶ 32.) On December 9, 2014, Shapiro & DeNardo sent Krechner a letter that included "Validation of Rights Notice" language. (*Id.* ¶ 36.) On December 12, 2014, Nationstar sent Krechner a letter about his "Loss Mitigation Options." (*Id.* ¶ 38.) This letter instructed Krechner to contact Shay Collins about the default. (*Id.* ¶ 39.)

On December 19, 2014, Nationstar sent Krechner a letter about his alleged eligibility for debt relief pursuant to the Servicemembers Civil Relief Act. (*Id.* ¶ 41.) This letter failed to identify Nationstar as a debt collector and failed to disclose that it was a communication from a debt collector, as required by the FDCPA. (*Id.* ¶ 45.) According to Krechner, Nationstar would not have sent this letter unless the mortgage was in default, it was serviced by Nationstar, and Nationstar was trying to engage Krechner in a mortgage modification. (*Id.* ¶ 42.) The letter, which was directed to Krechner, closed with the following: "If you have any questions, your Dedicated Loan Specialist is Shay Collins." (*Id.* Ex. I [Dec. 19, 2014 letter to Krechner].) Krechner argues that "Nationstar's letter of December 19, 2014 fails to comply with Section 1692e(11), in that it failed to disclose that this

2

communication was from a debt collector." (Am. Class Action Compl. ¶ 56.)

Nationstar sent Krechner another letter, dated December 24, 2014. (*Id.* ¶ 46.) This letter was an attempt to bring his loan current, and it instructed him to contact Shay Collins. (*Id.* ¶¶ 46-49.) The communication identified Nationstar as a debt collector and it noted that it served as an attempt to collect a debt. (*Id.* ¶ 50.) Krechner continued to receive letters—which stated that Nationstar was a debt collector and that the letter constituted an attempt to collect a debt—that instructed him to call Shay Collins. (*Id.* ¶¶ 51-52.)

Krechner's Amended Class Action Complaint includes two counts. The first count is against Nationstar for violating the FDCPA, based on the December 19, 2014 letter. The second count claims that Shapiro & DeNardo also violated the FDCPA when it sent him a letter without the required Validation Rights Notice. (*Id.* ¶¶ 60-62.)

Plaintiff brings this case as a class action seeking to represent: (1) "All natural persons in the United States, who were sent correspondence from Nationstar, in the form substantially represented by [the December 19, 2014 letter received by Krechner] during the statutory period covered by the Complaint;" and (2) "All natural persons in the Commonwealth of Pennsylvania, who were sent correspondence from [Shapiro & DeNardo], in the form substantially represented by [the December 3, 2014 letter received by Krechner], but were not sent the Notice until more than five days thereafter, during the statutory period covered by the Complaint." (Compl. ¶¶ 75-76.)

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party.

3

*See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.* (holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has

4

failed to show—that the pleader is entitled to relief. *Id.*

**III.   DISCUSSION**

According to Nationstar, "Plaintiff's claim against [it] fails as a matter of law because the December 19, 2014 letter is not a communication in connection with the collection of a debt." (Mem. in Supp. of Mot. to Dismiss Am. Compl. Against Nationstar Mortgage, LLC at 1.)

The FDCPA forbids a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. For a communication to serve as the basis for FDCPA liability, the communication by the debt collector that forms the basis for the lawsuit must have been made "in connection with the collection of any debt." *Gburek v. Litton Loan Servicing*, 614 F.3d 380, 384 (7th Cir. 2010); s*ee also Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987) ("A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt."); *Venechanos v. Green Tree Servicing, LLC*, Civ. A. No. 14-2268, 2015 WL 4356326, at *4 (M.D. Pa. July 14, 2015).

There is no bright line rule to determine whether a communication was made in connection with the collection of any debt. Rather, courts look to a number of factors when addressing the issue, including the nature of the parties' relationship, whether the communication included a demand for payment, and the purpose and context of the communications. *Gburek*, 614 F.3d at 385. "[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). A communication need not explicitly demand payment to come

within the scope of the FDCPA. *Gburek*, 614 F.3d at 385, *see also Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 267 (3d Cir. 2013). A letter that itself is not a collection attempt can still be regarded as being in connection with the collection of a debt if the letter makes an attempt to collect a debt more likely to succeed. *Grden*, 643 F.3d at 173.

The issue at the pleading stage is whether the allegations, considered alongside the letter itself, plausibly state a claim that one of the animating purposes of the letter was to induce payment by the plaintiff. *See Venechanos v. Green Tree Servicing, LLC*, Civ. A. No. 14-2268, 2015 WL 4356326, at *6 (M.D. Pa. July 14, 2015); *see also Gburek*, 614 F.3d at 386. For purposes of this motion, the Court will view this issue from the position of the least sophisticated consumer. *See Venechanos*, 2015 WL 4356326, at *3; *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015) ("We regularly apply the least sophisticated debtor standard to claims under § 1692e."); *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) ("Each of these provisions deals with debt collectors' representations to debtors. We analyze such communications from the perspective of the least sophisticated debtor.").

Plaintiff's sole allegation against Nationstar is that its December 19, 2014 Letter failed to comply with the FDCPA's requirements for communications made in connection with the collection of any debt. Applying the factors that other courts have examined to address this issue, the Court concludes that Nationstar's December 19, 2014 letter was not made "in connection with the collection of any debt." Rather, this letter was merely an attempt to inform Krechner of certain rights that he has as a servicemember.

The nature of the parties' relationship—Krechner is in default on a loan transferred to Nationstar—is a factor in favor of finding that this letter is subject to the FDCPA. *See Gregory v.*

*Nationstar Mortg., LLC*, Civ. A. No. 13-6952, 2014 WL 1875167, at *4 (D.N.J. May 9, 2014) ("[T]he relationship between the parties was that of debtor and debt collector. This weighs in favor of finding that the [letter] was a 'communication with a consumer in connection with the collection of any debt.'"). It is not enough, however, that Krechner and Nationstar are in a debtor-debt collector relationship. *See Venechanos*, 2015 WL 4356326, at *7 ("Plaintiff's debtor-debt collector relationship, alone, is insufficient to establish that the Notice is a communication in connection with the collection of a debt.").

Turning to the next factor, the letter lacks a demand for payment. Although that fact alone does not place the letter outside the protections of the FDCPA, it is one factor in favor of finding that the December 19, 2014 letter is not covered by that law. *See Gburek*, 614 F.3d at 385.

Finally, the purpose and context of the December 19, 2014 letter also weigh in favor of the conclusion that this letter was not sent in connection with the collection of any debt. The letter explained the rights that Krechner may possess under the Servicemembers Civil Relief Act. The letter explained whom the act covers, the legal protections the act provides, how to request relief under the act, and how to obtain more information about the act. This was not a communication made in connection with the collection of any debt. Rather, it was a communication aimed at informing Krechner of rights afforded to him under a law that protects servicemembers. Nationstar's December 19, 2014 letter does not seek payment from Plaintiff, does not include the outstanding balance on the loan, does not inform Krechner how to make additional payments on the loan, and does not even mention Plaintiff's loan, other than to include his loan number. *See Venechanos*, 2015 WL 4356326, at *6. The letter does not offer alternative methods of payment nor does it request any financial information from Plaintiff. *See Gould v. Claimassist*, 876 F. Supp. 2d 1018, 1025 (S.D. Ill.

2012) ("[T]his letter does not offer to discuss repayment options on a defaulted debt. The purpose here was not to induce plaintiff to contact the Hospital to discuss debt-settlement options.") The most that can be said in favor of Plaintiff's position is that the letter includes a loan number and the name of a dedicated loan specialist. This, however, is not enough for this Court to conclude that this letter falls within the scope of the FDCPA.

Moreover, a creditor must notify "any eligible homeowner who fails to pay any amount by the date the amount is due under a home loan" of the "mortgage and foreclosure rights of servicemembers, and the dependents of such servicemembers, under the Servicemembers Civil Relief Act." 12 U.S.C. § 1701x(c)(5)(ii)(IV). Thus, this Court considers the letter sent in this case, using the language and in the form in which it was sent here, to be more akin to a legally mandated notice to protect the borrower, and not a communication in connection with the collection of any debt. *See Venechanos*, 2015 WL 4356326 (holding that privacy notice did not qualify as communication subject to FDCPA).

Krechner argues that the December 19, 2014 letter is covered by the FDCPA because it conveyed information about the debt and it is plausible that one of the animating purposes of the letter was to induce payment by Plaintiff. (Pl.'s Opp'n to Def. Nationstar Mortg.'s Mot. to Dismiss Am. Compl. at 9-10.) Krechner urges the Court to view the December 19, 2014 letter as "part of a package of five communications from Defendant within a six week period referring to his debt, and a total package of 10 communications received in under four (months)." (*Id*. at 10.)

Plaintiff's argument has some appeal. After all, Nationstar wants its money, so why else would it contact Krechner unless it ultimately sought to induce payment of the debt? The intuitive appeal of that argument fails to square with the cases, however. If the Court accepted Plaintiff's

position, it would turn every communication between Krechner and Nationstar into one seeking to collect on a debt. Plaintiff would thus elevate the relationship between the parties to the exclusion of the other factors that courts should consider. That is not the law. *See Grubek*, 614 F.3d at 384-85 (noting that the FDCPA does not apply to every communication between a debt collector and a debtor). Moreover, Krechner has ignored the legal requirement placed upon Nationstar to inform him of his legal rights. The Court disagrees with Plaintiff's argument that the December 19, 2014 letter is plausibly viewed as "offering a form of a forbearance." (*Id*. at 10.) The letter is a legally mandated notification. The letter lacks any offer or alternative payment method, nor does it include the amount owed. If this letter qualifies as a communication in connection with the collection of a debt, it is hard to imagine a communication from a debt collector to a debtor that would not fall within the scope of the FDCPA.

**IV.    CONCLUSION**

The Court must apply the FDCPA, a remedial statute aimed at protecting debtors, broadly. However, not every communication from a debt collector to a debtor is covered by the statute. Here, a letter whose sole aim was to inform Plaintiff about legal protections that might be available to him as a member of the armed forces falls outside the scope of the FDCPA. Therefore, Nationstar's motion to dismiss is granted. An Order consistent with this Memorandum will be docketed separately.